UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARBARA VIDETICH, BENJAMIN VIDETICH, NICHOLAS VIDETICH, and MOLLY DANIEL<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:23-cv-00522-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant United States' Motion to Dismiss for Failure to Join Indispensable Parties. (Dkt. 6). The Motion is fully briefed. (Dkt. 8, 12, 13, 15). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument the Court will decide the motions based on the record. Dist. Idaho. Civ. Rule 7.1(d). For the reasons that follow, the Court will deny Defendant's motion to dismiss.

**ORDER - 1**

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2023, Barbara Videtich, Benjamin Videtich, Nicholas Videtich, and Molly Daniel (collectively "Plaintiffs") filed a Federal Tort Claims Act Complaint against the United States of America alleging negligent medical care by the Boise Veterans Administration Medical Center leading to the death of Donald Videtech. (Dkt. 1 at 7-8). Plaintiffs are the decedent's wife and three of his children. (Dkt. 1 at 2-3). The decedent's mother, Barbara Lee[1], and son, Michael, elected not to join the present action. (Dkt. 6-1).

Defendant seeks to dismiss Plaintiffs' complaint for failure to join Barbara Lee and Michael as indispensable parties under Federal Rules of Civil Procedure 12(b)(7) and 19. (Dkt. 6-1). Plaintiffs responded that Barbara Lee and Michael did not file written tort notices within the two-year statute of limitations in order to pursue a wrongful death claim as required by 28 U.S.C. § 2401(b), meaning their claims would be time-barred if forced to join the current litigation. (Dkt. 8 at 2-3). Plaintiffs produced declarations regarding both individuals' decision not to join in the litigation. (Dkt. 8 at 4, 8-1, 8-2).

Defendant contends that the declarations initially provided were not legally recognizable as neither indicate they were made under penalty of perjury. (Dkt. 12). Additionally, Defendant argues the declaration regarding Michael fails to legally waive any rights he has to bring a claim. (Dkt. 12 at 3). Michael is currently incarcerated in

---

[1] The name of decedent's widow and current Plaintiff in this action is Barbara Videtich. Coincidentally, the decedent's mother and nonparty in this action is Barbara Lee Videtich and is specifically identified by the Court as "Barbara Lee".

**ORDER - 2**

Texas and has been for the last 16 years. (Dkt. 8 at 5). The declaration Plaintiffs provided regarding Michael is from his mother and Plaintiff, Barbara, stating that she notified Michael of the circumstances of his father's death via conference call on December 14, 2021. (Dkt. 8 at 5). Plaintiffs motioned for leave to file substitute declarations for the purpose of addressing the deficiencies alleged by Defendant. (Dkt. 13). Plaintiffs' motion was granted and substitute declarations from Barbara Lee and Michael's mother were filed with the additional language stating that both declarations were made under penalty of perjury. (Dkt. 15).

## STANDARD OF REVIEW

### 1. Federal Rules of Civil Procedure 12(b)(7) and 19

Federal Rule of Civil Procedure 12(b)(7) permits a party to move to dismiss a complaint for failure to join a party who is indispensable under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7); *Quileute Indian Tribe v. Babbitt*, 18 F. 3d 1456, 1458 (9th Cir. 1994). Rule 19 "governs compulsory party joinder in federal district courts." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F. 3d 774, 778 (9th Cir. 2005).

Rule 19 mandates a three-part inquiry to determine whether an action should be dismissed for failure to join an indispensable party. *E.E.O.C. v. Peabody W. Coal Co.*, 610 F. 3d 1070, 1078 (9th Cir. 2010). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *Id.* If an absentee meets the requirements of Rule 19(a), "the second stage is for the court to determine whether it is feasible to order that absentee be joined." *Id.* Finally, if joiner is not feasible, the court must determine at the third stage whether the case can proceed without the absentee or whether the action must

be dismissed. *Id.* A nonparty in whose absence an action must be dismissed is one who "not only [has] an interest in the controversy, but [has] an interest of such nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." *Shields v. Barrow*, 58 U.S. 130, 139 (1855).

2. **Idaho's Wrongful Death Statute**

Idaho's wrongful-death statute, Idaho Code § 5-311, vests a cause of action in the "heirs or personal representatives" of a decedent whose death was caused by a wrongful or negligent act of another. That action is "one joint and indivisible action in which all the damages for the benefit of all the beneficiaries shall be recovered." *Campbell v. Pac. Fruit Express Co.*, 148 F. Supp. 209, 211 (D. Idaho Feb. 4, 1957); *see also Castorena v. General Electric*, 238 P.3d 209, 221 (Idaho 2010) (adopting *Campbell*). A decedent's spouse, children, and parents qualify as heirs under the statute. I.C. § 5-311(2)(b).

## DISCUSSION

The first issue the Court must determine is whether Barbara Lee and Michael should be joined to this case as plaintiffs. An absentee should be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Per Idaho's wrongful death statute, a decedent's parents and children qualify as heirs. I.C. § 5-311(2)(b).

**ORDER - 4**

The Idaho Supreme Court has found that generally – only one action may be brought concerning a decedent's wrongful death – meaning all heirs are required parties. *Castorena*, 238 P.3d at 221 (citing *Whitley v. Spokane & Inland Railway*, 132 P. 121 (Idaho 1913)).  In *Castorena*, the court did not specifically address whether all the heirs of a decedent are indispensable parties to a wrongful death action but found the logic in *Campbell*, 148 F. Supp at 211-212, finding an heir in a wrongful death claim to be an indispensable party, generally flowed from the court's prior opinions. *Castorena*, 149 Idaho at 621.

There is no dispute among the parties that Barbara Lee and Michael are heirs of the decedent. (Dkt. 8 at 2). Barbara Lee and Michael's interest in Plaintiffs' suit vested at the time of the decedent's death. *Castorena*, 238 P.3d at 220. Thus, as a matter of Idaho law, Plaintiffs' claims cannot proceed without Barbara Lee and Michael being joined as parties or waiving their interests in Plaintiffs' suit. *Id.* at 221; *Wyatt v. Summers*, 2014 U.S. Dist. Lexis 40025, at *4-5 (D. Idaho, Mar. 24, 2014).

Barbara Lee's declaration states that she "waive[s] any rights [she] might have to make any claims as a Plaintiff or claimant in this lawsuit or anywhere else arising out of the death of [her] son, Donald Matthew Videtich in November 2021." (Dkt. 15 at 2). She goes on to state she "waive[s] any right [she] ha[s] or may have to any claim against the United States outside of this lawsuit, including but not limited to filing any separate claim or lawsuit arising out of the death of [her] son Donald Matthew Videtich in November 2021." *Id.* Barbara Lee made such a declaration under penalty of perjury. *Id.* Defendant's argument against the sufficiency of Barbara Lee's waiver is that the original declaration

ORDER - 5

did not comply with 28 U.S.C. § 1746 because it was not made under penalty of perjury. (Dkt. 12 at 2). That deficiency was remedied in Plaintiffs' second declaration. (Dkt 15 at 2). The Court hereby finds Barbara Lee filed an effective waiver of her interest and is therefore not required to be joined as a party to this action. *See Wyatt*, 2014 U.S. Dist. LEXIS 40025, at *5.

Regarding the declaration submitted by Michael's mother, there is no statement indicating Michael himself has waived any rights to bring a claim, and there is no evidence indicating that his mother has the authority to waive Michael's rights on his behalf. (Dkt. 12 at 3). Plaintiffs do not make any specific argument that Michael's mother has the authority to waive his rights, but generally argue that because the declaration states he received notice of the circumstances of his father's death, and the two-year statute of limitations under the FTCA has passed, any claim he has is time-barred. (Dkt. 8 at 5). *See* 28 U.S.C. § 2401(b); *Wong v. Beebe*, 732 F.3d 1030, 1033 (9th Cir. 2013) (Any person who attempts to bring a tort claim under the FTCA against the United States must file an administrative claim with the appropriate agency within 2-years after the claim accrues).

The Court finds the declaration provided by Michael's mother to be insufficient to waive his interest in Plaintiffs' suit. Plaintiffs do not offer any evidence that Michael's mother has the legal authority to act on his behalf. Although Defendant does not contest Plaintiffs' assertion that Michael has not filed a required tort notice and the two-year statute of limitations period is passed, Defendant contends that Michael has the potential

**ORDER - 6**

of bringing a time-barred claim based on legal theories such as incapacity or equitable tolling.

Equitable tolling is available in FTCA suits against the Government. *United States v. Wong*, 575 U.S. 402, 412 (2015) ("The time limits in the FTCA are just time limits, nothing more. Even though they govern litigation against the Government, a court can toll them on equitable grounds."). Though it may have been over two years since Michael was notified of the decedent's death, the Court cannot determine that any claim possessed by Michael is time-barred until the Court has jurisdiction over him, and without jurisdiction, the Court cannot make findings that destroy his rights. *Williams Sports Rentals, Inc. v. Willis*, 90 F.4th 1032, 1041 (9th Cir. 2024) (finding the court cannot attempt to determine the rights of persons not before it). Therefore, absent an effective waiver, Michael is a required party under Rule 19(a)(1) because he could potentially claim an interest in the subject matter of the action, and Defendant could be at risk of incurring multiple obligations because of his interest. Fed. R. Civ. P. 19(a)(1).

The Court must next consider whether joinder is feasible. *United States v. Brown*, 172 F.3d 682, 688 (9th Cir. 1999). Joinder is not feasible when it would destroy subject matter jurisdiction. *Yellowstone Poky, LLC v. First Pocatello Assocs.*, L.P., 2017 U.S. Dist. LEXIS 136617, at *9 (D. Idaho Aug. 23, 2017). Plaintiffs filed this action invoking the FTCA as the basis for federal subject matter jurisdiction, and therefore, the addition of the absent party as a plaintiff would not deprive this Court of jurisdiction.

While Defendant's motion sought dismissal due to failure to join indispensable parties, such a step is not necessary if the absent but required party can be joined now.

**ORDER - 7**

*See Bennett v. Islamic Rep (In re Estate of Bennett)*, 825 F.3d 949, 965 (9th Cir. 2016) (finding dismissal of a case is not required when a necessary party can be joined); *McCowen v. Jamieson*, 724 F.2d 1421, 1424 (9th Cir. 1984) (finding a court has the authority to join a party *sua sponte* at any stage of the proceedings if it determines that the party is necessary to the litigation).

Accordingly, the Court will deny Defendant's Motion to Dismiss, though it will order Plaintiffs to either join Michael Videtich as a party to this lawsuit, *see* Fed. R. Civ. P. 19(a)(2), file an effective waiver of his rights, or alternatively, if Plaintiffs believe joinder is not feasible, they may attempt to make a showing that the action should proceed in Michael's absence in accordance with the factors set forth in Federal Rule of Civil Procedure 19(b). *Campbell*, 148 F. Supp. at 210 ("A court cannot adjudicate the rights of persons who are not parties before it; they will be brought in if possible and if they will not destroy diversity.").

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to dismiss (Dkt. 6) is **DENIED**;
2. Plaintiffs have until June 13, 2024, to either to join Michael Videtich as a party to this lawsuit, *see* Fed. R. Civ. P. 19(a)(2), file an effective waiver of his rights, or attempt to make a showing that the action should proceed in the absence of the required party.

**ORDER - 8**

DATED: May 13, 2024

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**ORDER - 9**